Pfeifer, J.,
dissenting.
{¶ 34} I agree with the majority that attorney Nittskoff violated several provisions of the Ohio Code of Professional Responsibility and the Rules of Professional Conduct and that he should be sanctioned. I dissent because I believe that an indefinite suspension is excessive given the misconduct that Nittskoff committed.
{¶ 35} At its core, this case is a garden-variety malpractice case. Based merely on the malpractice, it is unlikely that this court would have indefinitely suspended Nittskoff from the practice of law. But this case also includes repeated failures to respond and cooperate in the disciplinary process. In my opinion, that aggravating factor does not outweigh the underlying malpractice case and the mitigating factors.
{¶ 36} The majority opinion cites five prior disciplinary cases to justify its imposition of an indefinite suspension. In four of those cases, the attorney who was indefinitely suspended committed violations involving multiple clients. This case does not involve multiple clients; only one client was neglected, though the neglect was substantial and the effect was extremely expensive for the client. The fifth case cited by the majority opinion involved more aggravating factors than this case, including a selfish motive, which is lacking in this case.
{¶ 37} Viewing the case as a whole and after considering all the aggravating and mitigating factors, I conclude that the violations do not rise to the level necessary to impose an indefinite suspension. I would impose the sanction recommended by the Board of Commissioners on Grievances and Discipline and suspend Nittskoff from the practice of law for six months.